UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

A. RAFANELLI WINERY & VINEYARD, )
et al., )
 )
    Plaintiffs, )
 )
  vs. ) Case No. 4:06CV1336SNL
 )
MISSOURI DIVISION OF ALCOHOL )
AND TOBACCO CONTROL, )
 )
    Defendant. )

## MEMORANDUM AND ORDER

Plaintiffs have filed this §1983 action challenging the constitutionality of several Missouri statutes: §§311.050 R.S.Mo., 311.060(1) R.S.Mo., 311.180 R.S.Mo., 311.410 R.S.Mo., and 311.462(1) R.S.Mo. They contend that these statutes are unconstitutional as applied to prohibit out-of-state wineries and retailers from selling, shipping, and delivering directly to consumers within the State of Missouri upon terms and conditions equivalent to those allowing in-state wineries and retailers to sell directly to consumers within the State of Missouri. They seek a declaratory judgment that the statutory scheme set forth by Missouri violates the Commerce Clause of the United States Constitution; and furthermore, seek an injunction barring defendant from applying these laws to prevent the direct shipment of wine by out-of-state wineries or retailers to consumers in Missouri, and requiring defendant to permit such direct sales and shipments. This matter is before the Court on movant Missouri Beer Wholesalers Association's (MBWA) motion to intervene (#11), filed November 17, 2006 and movant Missouri Wine and Spirits Association's (MWSA) motion to intervene as a party-defendant (#12), filed November 24, 2006. Responsive pleadings as to both motions have been filed.

Both movants seek intervention either as a right pursuant to Rule 24(a) Fed.R.Civ.P., or in the alternative, as permissive intervention pursuant to Rule 24(b) Fed.R.Civ.P. Plaintiffs do not contest movant MWSA's permissive intervention, but do contest its intervention as a right. Plaintiffs contest MBWA's intervention both as a right and/or permissive intervention.

The Court has carefully reviewed the subject motions, responsive pleadings, the plaintiffs' complaint, and the relevant caselaw. Plaintiffs' action is brought pursuant to a single count which asserts a Commerce Clause violation of Missouri statute §311.462(1) which provides that only a winery or wine retailer located in Missouri may sell, ship, and deliver wine directly to Missouri residents; however a winery or wine retailer located in another state may not sell, ship and/or deliver wine to Missouri residents unless it is through a Missouri wholesaler and said out-of-state winery or wine retailer is located in a state that affords reciprocal direct sales privileges to Missouri wineries or wine retailers. However, plaintiffs opening introduction of their complaint clearly states: "[T]his is a civil rights action brought pursuant to 42 U.S.C. §1983 challenging the constitutionality of Missouri Revised Statutes §§311.050, 311.060(1), 311.180, and 311.410 . . .". Plaintiffs' Complaint, pg. 1 (#1), filed September 7, 2006. Furthermore, plaintiffs seek a declaratory judgment declaring these statutes unconstitutional as violating the Commerce Clause, and enjoining the defendant from enforcing these statutes against the plaintiffs.

Missouri statutes §§311.050, 311,060(1), 311.180, and 311.410 are not limited to wineries and wine retailers. These statutes are a significant part of part of the intricate Missouri "three-tier" system of commercial distribution of "intoxicating liquor" within the state of Missouri. Both movants have a significant economic interest in preserving this distribution system which the plaintiffs have sought to constitutionally challenge. The Court understands that the plaintiffs seek to only dismantle this system as it pertains to out-of-state wineries and wine

2

retailers; however, to carve out an exemption would essentially dismantle the system as a whole since Missouri law defines "intoxicating liquors" as including not only wine but beer.  *See*, Missouri statute §311.020.  Furthermore, these statutes not only effect retailers of intoxicating liquors but also licensed suppliers, manufacturers, and wholesalers of alcoholic beverages.

It is this Court's considered opinion that both movants have a right of intervention based on the grounds stated in their respective motions; and in the alternative, have a permissive right to intervene.

Accordingly,

**IT IS HEREBY ORDERED** that movant Missouri Beer Wholesalers Association's motion to intervene (#11) be and is **GRANTED** pursuant to Rule 24(a) Fed.R.Civ.P., and in the alternative, be and is **GRANTED** pursuant to Rule 24(b) Fed.R.Civ.P.

**IT IS FINALLY ORDERED** that movant Missouri Wine and Spirits Association's motion to intervene (#12) be and is **GRANTED** pursuant to Rule 24(a) Fed.R.Civ.P., and in the alternative, be and is **GRANTED** pursuant to Rule 24(b) Fed.R.Civ.P.

Dated this 3rd day of January, 2007.

_____
SENIOR UNITED STATES DISTRICT JUDGE